# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>            Plaintiff,<br><br>      v.<br><br>D. FISCHER,<br><br>            Defendant.<br> | CASE NO. 1:10-cv-01912 OWW GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 1) |

**Screening Order**

I.   **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7   standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8   n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9   of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **II.    Plaintiff's Claims**

12  Plaintiff, an inmate in the custody of the California Department of Corrections and
13  Rehabilitation (CDCR) at CSP Sacramento, brings this civil rights action against Defendant D.
14  Fischer Ph.D., an employee of the CDCR at Corcoran State Prison, where the events at issue
15  occurred. Plaintiff's sole claim is that Defendant Fischer denied him single cell status. Plaintiff
16  specifically alleges that prior to his transfer from Pelican Bay State Prison to Corcoran State Prison,
17  he was classified as single cell status based on "mental health issues." Plaintiff alleges that
18  Defendant Fischer, despite knowing of Plaintiff's documentation authorizing single cell status,
19  directed that Plaintiff be double celled at Corcoran.

20  **A.    Classification**

21  The Due Process Clause protects prisoners from being deprived of liberty without due
22  process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action
23  for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty
24  interest for which the protection is sought. Liberty interests may arise from the Due Process Clause
25  itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

26  The Due Process Clause itself does not confer on inmates a liberty interest in a particular
27  classification status. See Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976). The existence of a liberty
28  interest created by state law is determined by focusing on the nature of the deprivation. Sandin v.

Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997)("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections,"). However, the assignment of an "R" suffix and the resulting increase in custody status and inability to work outside the prison simply do not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275, at 2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C95-3390 SI, 1995 WL 733675, at 1-2 (N.D. Cal. 1995).

To the extent that Plaintiff's claim is based solely on his classification status, Plaintiff fails to state a claim for relief. Plaintiff does not have a constitutionally protected interest in single cell status. Plaintiff cannot, therefore, state a claim for violation of the Due Process clause based on his classification status. Plaintiff's reclassification to double cell status could state a claim for relief if Plaintiff was subjected to deliberate indifference.

**B.    Eighth Amendment Medical Care Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

1  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
2  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3  by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
4  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
5  make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely
6  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

7  In order to state a claim for relief against Defendant Fischer, Plaintiff must allege some facts
8  indicating that Defendant Fischer knew of and disregarded a serious risk to Plaintiff's health or
9  safety, resulting in injury to Plaintiff.  Plaintiff has not alleged any such facts in this case.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

4

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 29, 2011**              /s/ **Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE