UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. FISCHER,<br><br>        Defendant.<br>_____/ | 1:10-cv-01912-LJO-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 15.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.  RELEVANT PROCEDURAL HISTORY**

Michael Lynn Waters ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 8, 2010. (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on August 29, 2011, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 12.)  On September 29, 2011, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (Doc. 15.)

**II.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California State Prison-Sacramento in Represa, California. The events at issue occurred at Corcoran State Prison ("CSP") in Corcoran, California, when Plaintiff was housed there. Plaintiff names only one defendant, D. Fischer.

Plaintiff alleges that one of the Senior Psychologists at CSP placed a false report in Plaintiff's Central and Mental Health files, recommending Plaintiff for double-cell status, knowing of Plaintiff's mental health issues. Plaintiff alleges he suffers from Obsessive Compulsive Disorder ("OCD"), which causes him to act violently toward other inmates.

Plaintiff attaches forty-eight pages of exhibits to the First Amended Complaint and refers the Court to each of them as evidence that (1) Plaintiff exhausted his administrative remedies (Exhibit F); (2) the issue of Plaintiff's single-cell status was resolved at CSP on May 9, 2008 (Exhibit G); (3) in one of Plaintiff's prior cases, the Court found that Plaintiff stated a cognizable claim for deliberate indifference to safety needs and that Plaintiff's prison appeal for single-cell status had been granted

at the Second Level of Review (Exhibit H); (4) Plaintiff was allowed single-cell status in February and March 2006 (Exhibit I); (5) on April 16, 2009, Plaintiff was given double-cell status (Exhibit J); (6) in one of Plaintiff's prior cases, the Court denied Plaintiff's motion for prison officials to remove false documents from his file, without prejudice to filing a civil rights complaint in the Eastern District (Exhibit K); (7) the appeal response dated March 7, 2011 stated that no documents from Pelican Bay State Prison dated May 9, 2008 could be located in Plaintiff's Central File (Exhibit L); (8) a copy of a false report was placed in Plaintiff's Central File by ISU Officer N. Scaife (Exhibit M); (9) Plaintiff's 602 appeal requesting investigation of a false report by ISU Lt. R. Whitford was granted (Exhibit N); and (10) Plaintiff had a mental health assessment for OCD on February 28, 2006 (Exhibit O).

Plaintiff requests as relief that "this mistake could be cleared up and released from PSU and not to be continued punished for nothing." Amended Complaint at 6.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eighth Amendment Claim - Failure to Protect

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed

3

a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" <u>Farmer</u>, 511 U.S. at 843 (citing <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." <u>Farmer</u>, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." <u>Id.</u> at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Id.</u> at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff fails to state an Eighth Amendment claim for failure to protect him. First, Plaintiff does not allege any personal participation by the sole named defendant, D. Fischer. Plaintiff alleges that a "Senior Psychologist at CSP" placed a false report in his file, but he does not identify the Senior Psychologist by name or indicate that defendant D. Fischer is same person as the Senior Psychologist he refers to. First Amended Complaint ("ACP"), Doc. 15 at 2.

Second, Plaintiff fails to allege facts demonstrating that there was a serious risk to his safety because of his double-cell status. Plaintiff alleges he suffers from OCD, which causes him to act violently toward other inmates, but Plaintiff has not described what happens when he is double-celled or alleged any injury, or near injury, to himself resulting from being housed with a cell mate.

Third, Plaintiff has not alleged facts showing that any defendant acted recklessly in subjecting Plaintiff to an excessive risk to his safety. It is not enough to state that the Senior Psychologist knew about Plaintiff's mental health issues when recommending double-cell status. This is a conclusory statement which does not suffice under <u>Iqbal</u>. Plaintiff does not explain how he knows that the Senior Psychologist was personally aware of an excessive risk to Plaintiff's safety and then deliberately disregarded the risk in recommending double-cell status for Plaintiff.

4

Plaintiff may not rely on findings on his prior cases that he stated a claim for deliberate indifference. To state a claim in this action, Plaintiff must state in his complaint what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934, and must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 1949 (quoting Twombly, 550 U.S. at 555).

### B.     Plaintiff's Requested Relief

Plaintiff only seeks injunctive relief in this action. Plaintiff only requests that the "mistake" in assigning him with double-cell status be "cleared up," that he be "released from PSU," and that his "punish[ment] for nothing" be stopped. ACP at 6.

When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when the inmate is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at CSP, and Plaintiff is no longer housed at CSP. Moreover, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights. Plaintiff is unable to proceed in this action until he has amended the complaint to request monetary damages as relief.

Because Plaintiff was not previously advised by the Court that he may seek only money damages for his claim in this action, Plaintiff shall be granted another opportunity to amend the complaint.

///

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint upon which relief can be granted under section 1983 against any defendant. Therefore, the First Amended Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file a Second Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

With respect to exhibits, while exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983. The Court strongly suggests that exhibits should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants for unrelated issues. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-01912-LJO-GSA-PC;
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 8, 2011**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE