UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. FISCHER,<br><br>　　　　Defendant. | 1:10-cv-01912-LJO-GSA-PC<br><br>ORDER DIRECTING CLERK TO FILE AMENDED COMPLAINT WHICH WAS LODGED ON APRIL 16, 2012 AS THIRD AMENDED COMPLAINT<br>(Doc. 26.) |

**I.　BACKGROUND**

Michael Lynn Waters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 8, 2010.  (Doc. 1.)

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on August 29, 2011, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 12.) On September 29, 2011, Plaintiff filed the First Amended Complaint.  (Doc. 15.)  On December 18, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 18.)  On April 9, 2012, Plaintiff filed the Second Amended Complaint.  (Doc. 24.)

On April 16, 2012, Plaintiff submitted another Amended Complaint, which was lodged by the Court.  (Doc. 26.)  The Court treats this submission as a request by Plaintiff for leave to file a Third Amended Complaint.

1

## II. RULE 15(a) - LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, Plaintiff lodged an Amended Complaint a week after he filed the Second Amended Complaint. Because the Court has not screened the Second Amended Complaint, and Plaintiff seeks to amend it, the Court finds good cause to allow Plaintiff to file a Third Amended Complaint. Upon a cursory review of the Amended Complaint, the Court finds no evidence that Plaintiff seeks to amend in bad faith, or that allowing the amendment prejudices the defendants, produces an undue delay in the litigation, or would be futile. Therefore, the Court shall allow Plaintiff to file a Third Amended Complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

## III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED the Clerk is DIRECTED to file the Amended Complaint lodged on April 16, 2012, as the Third Amended Complaint in this action.

IT IS SO ORDERED.

Dated:   **June 28, 2012**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE