UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LYNN WATERS, | ) | 1:10-cv-01912-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS, |
| | ) | RECOMMENDING THAT THIS ACTION |
| vs. | ) | BE DISMISSED, WITH PREJUDICE, FOR |
| | ) | FAILURE TO STATE A CLAIM, AND |
| FISCHER, | ) | THAT THIS DISMISSAL COUNT AS A |
| | ) | STRIKE UNDER 28 U.S.C. § 1915(g) |
| | ) | (Doc. 28.) |
| Defendant. | ) | |
| | ) | OBJECTIONS, IF ANY, DUE IN THIRTY |
| | ) | DAYS |

**I.    BACKGROUND**

Michael Lynn Waters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 8, 2010. (Doc. 1.) On August 29, 2011, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On September 29, 2011, Plaintiff filed the First Amended Complaint. (Doc. 15.) On December 8, 2011, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 18.) On April 9, 2012, Plaintiff filed the Second Amended Complaint. (Doc. 24.) On April 16, 2012, Plaintiff lodged a proposed amended complaint, which was filed as the Third Amended Complaint on June 29, 2012. (Doc. 28.)

Plaintiff's Third Amended Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff is presently incarcerated at California State Prison-Sacramento, in Represa, California. The events at issue in the Third Amended Complaint occurred at Corcoran State Prison in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names only one defendant, Senior Psych R. Fischer ("Defendant").

Plaintiff alleges that defendant Fischer used erroneous documents against him as evidence to improperly double-cell him at CSP. Plaintiff was transferred from Pelican Bay State Prison (PBSP) to CSP on May 2, 2008. On May 21, 2008, the Classification Committee met to review Plaintiff's status. Before the meeting, defendant Fischer reviewed documents with Plaintiff and interviewed Plaintiff. Plaintiff contends that the documents reviewed by Fischer were from PBSP and mistakenly classified Plaintiff as a program failure for refusing to double-cell with another inmate. Plaintiff alleges that PBSP officials cleared up the mistake, and Plaintiff's records show that he was granted single-cell status because he suffers from Obsessive Compulsive Disorder (OCD), a mental health issue. Plaintiff asserts that he never signed a double-cell compatibility form at any time.

Plaintiff requests monetary damages as relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of

which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

### A. Due Process – Classification Status

Plaintiff alleges that defendant Fischer reviewed erroneous information when classifying him, resulting in Plaintiff being found suitable for double-cell housing at CSP.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a protected interest.  Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976).  The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.  Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997)("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections,").  However, the assignment of double-cell housing status simply does not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-

20717 RMW, 1996 WL 107275, at 2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C95-3390 SI, 1995 WL 733675, at 1-2 (N.D. Cal. 1995). To the extent that Plaintiff's claim is based solely on his classification status, Plaintiff fails to state a claim for relief. Plaintiff does not have a constitutionally protected interest in single cell status. Plaintiff cannot, therefore, state a claim for violation of the Due Process clause based on his classification status.

### B.     Eighth Amendment Conditions of Confinement Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Plaintiff has not alleged facts demonstrating that defendant Fischer knew of and disregarded a substantial risk of serious harm to Plaintiff when he reviewed documents and classified Plaintiff as suitable for double-cell housing. Moreover, Plaintiff fails to allege that there was a serious risk to his health or safety because he was assigned double-cell status. Plaintiff alleges he suffers from OCD, but Plaintiff has not described what risk exists when he is double-celled, or alleged any injury, or near injury, to himself resulting from being housed with a cell mate. Therefore, Plaintiff fails to state an Eighth Amendment claim for adverse conditions of confinement.

## V.  CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Third Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against defendant Fischer.  In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with guidance by the Court.  Plaintiff has now filed four complaints without alleging facts against the Defendant which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 4, 2013**                            **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE